UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| O.A.,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES PARK POLICE, et al.,<br><br>    Defendants. | Case No. 24-cv-07027-LJC<br><br>**ORDER GRANTING IN PART MOTION TO SEAL**<br><br>Re: Dkt. No. 29 |

Before the Court is Plaintiff's Amended Administrative Motion to Seal Case Records, Substitute Pseudonym, and Remove Identifying Information. ECF No. 29. Plaintiff requests that she be permitted to proceed pseudonymously and omit contact information from future filings, that her name and contact information be redacted from the docket, that the Complaint be sealed in its entirety, that all references of Plaintiff's contact with law enforcement be redacted or sealed, that metadata referencing Plaintiff's identity be suppressed, and that the instant motion be kept under seal. *Id.* at 1-2.

Plaintiff's request to proceed using initials is granted. A "party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). Allowing a plaintiff to proceed pseudonymously is appropriate "(1) when identification creates a risk of retaliatory physical or mental harm… (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature…; and (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution[.]" *Id.* (citations omitted). When a party "asserts privacy in sensitive

and highly personal matters[,]" as Plaintiff does here, courts "engage in a condensed analysis weighing: (1) the party's interest in anonymity, including the severity of any likely harm; (2) any prejudice to the opposing party; and (3) the public's interest." *Doe No. 1 v. Wynn Resorts Ltd.*, No. 19-cv-01904, 2022 WL 3214651, at *4 (D. Nev. Aug. 9, 2022). In situations involving alleged sexual assault, the Ninth Circuit has a "tradition of not revealing names of the victims" and using initials to "protect the privacy" of the alleged victims. *Jordan v. Gardner*, 986 F.2d 1521, 1525 n.4 (9th Cir. 1993); *see M.J.R. v. United States*, No. 23-CV-05821-VKD, 2023 WL 7563746, at *1 (N.D. Cal. Nov. 14, 2023) ("With regard to allegations of sexual assault, several courts have concluded that any prejudice the defendant may face does not favor requiring the plaintiff to disclose her identity, and that the public's interest in allowing alleged victims of sexual assault to proceed anonymously outweighs any public interest in the plaintiff's identity."). In keeping with this practice, the Court finds that Plaintiff's interest in anonymity and the public interest in allowing alleged victims of assaults to proceed anonymously outweighs "any public interest in the plaintiff's identity." *M.J.R.*, 2023 WL 7563746, at *1. Plaintiff's request to proceed pseudonymously is granted and she may proceed using the designation "O.A." All future filings must use the designation "O.A." rather than Plaintiff's name.

As defendants have not yet appeared in this action, this ruling is without prejudice to later arguments they may raise. *Advanced Textile Corp.*, 213 F.3d at 1069 ("We recognize that the balance between a party's need for anonymity and the interests weighing in favor of open judicial proceedings may change as the litigation progresses.").

All filings that include Plaintiff's name (ECF Nos. 1, 3, 8, 10-12, 14-16, 19-25, 27, 29) will be provisionally sealed. Fourteen days after Plaintiff obtains new counsel or after the stay is lifted, whichever is sooner, Plaintiff shall file amended copies of ECF Nos. 1, 8, 11, 12, 14, 16, 20, 21, 24, 27 and 29 (all documents Plaintiff has filed in this action) that are identical to the original filings except that Plaintiff's name shall be replaced with the initials "O.A." Upon receipt of the amended filings, the provisionally sealed copies including Plaintiff's name will be permanently sealed.

//

As the Court has granted Plaintiff's request to proceed using her initials and has provisionally sealed filings that include Plaintiff's name, her remaining requests are denied.

**IT IS SO ORDERED.**

Dated: July 15, 2025

LISA J. CISNEROS
United States Magistrate Judge